# DALTON v. WILSON.

---

PATENTS; INTERFERENCE; NOTARIES PUBLIC; OATHS; REDUCTION TO PRACTICE; ABUSE OF DISCRETION.

1. A decision of the Commissioner of Patents in an interference proceeding, granting priority to the senior party, after a refusal to dissolve the

interference on motion of the junior party, upon the ground that the senior party's application was void for the reason that the oath accompanying it was taken before a notary public in Illinois who was an attorney in the case,—was *affirmed*, notwithstanding sec. 558 D. C. Code (34 Stat. at L. 622, chap. 3616), providing that no notary shall be authorized to administer oaths in any matter in which he is employed as an attorney, or in which he may be in any way interested, before any of the Departments, and notwithstanding six years elapsed between the filing of the senior party's application and his supplying a valid oath to said application, where it appeared that the Patent Office when the application was filed was acting in accordance with an opinion of the Assistant Attorney General for the Interior Department, who had held that such provision of the Code only applied to attorneys of the District of Columbia; that thereafter this court and the Attorney General held otherwise; whereupon the senior party was required to supply a valid oath, which he did promptly. Under such circumstances the senior party's date of reduction to practice dates not from the date of the filing of the valid oath, but from the date of the original filing of his application. (Citing *Hall's Safe Co.* v. *Herring-Hall-Marvin Safe Co.* 31 App. D. C. 498.)

2. This court will not interfere with or attempt to control the discretion of the Commissioner of Patents when exercised in matters of practice, unless abuse thereof is made clearly to appear.

No. 976. Patent Appeals. Submitted November 8, 1915. Decided December 6, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

Mr. *John D. Rippey,* Mr. *L. C. Kingsland,* and Mr. *George R. Hamlin* for the appellants.

Mr. *John M. Coit* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from a decision of the Commissioner of Patents according priority to appellee for an invention relating to adding and recording machines. It is unnecessary to con-

sider the mechanism of the device in issue, since this appeal is upon a single question of law. It appears that an interference being declared between appellee, William W. Wilson, and appellants, James L. Dalton and John Magnus, the junior parties, appellants moved to dissolve the interference on the ground that the oath accompanying appellee's application was taken before a notary public in Illinois who was also the attorney in the case. This, it is asserted, rendered the application void under the law and rules of the Patent Office. Sec. 558 of the Code of the District of Columbia, among other things, provides: "That no notary public shall be authorized to take acknowledgments, administer oaths, certify papers, or perform any official acts in connection with matters in which he is employed as counsel, attorney, or agent, or in which he may be in any way interested before any of the Departments aforesaid" [34 Stat. at L. 622, chap. 3616]. Rule 30 of the Rules of Practice of the Patent Office provides as to what shall constitute the requirements for a complete application, as follows: "A complete application comprises the first fee of $15, a petition, specification, and oath; and drawings, model, or specimen when required." Rule 31 requires that "the application must be completed and prepared for examination within one year after the filing of the petition; and in default thereof, * * * the application will be regarded as abandoned, unless it shall be shown to the satisfaction of the Commissioner that such delay was unavoidable."

At the time appellee's application was filed, the officials of the Patent Office were proceeding under an opinion of the Assistant Attorney General for the Department of the Interior, in which it was held that the above provision of the Code only applied to attorneys of the District of Columbia. Subsequently the Attorney General of the United States, in an opinion (C. D. 1907, p. 437), held that it applied generally to attorneys practising in cases before the various departments of the government in Washington. A similar ruling was made by this court in *Hall's Safe Co.* v. *Herring-Hall-Marvin Safe Co.* 31 App. D. C. 498.

While seven years elapsed between the filing of appellee's application and the supplying of a valid oath, the application, when filed, was within the requirements of the practice then in force in the Patent Office, and appellee supplied the defect as soon as his attention was called to it.  This case can be distinguished from *Riegger* v. *Beierl,* 150 Off. Gaz. 826, relied upon by appellants.  In that case the applicant persistently refused to supply a valid oath when notified by the proper official of the Patent Office, and his application was declared abandoned.  We think the circumstances here justified the Commissioner in holding that the delay was unavoidable under the rule, and that appellee's date of reduction to practice should date, not from the date of filing the valid oath, but from the date of filing the application.

After all, this is a matter of practice, largely in the discretion of the Commissioner of Patents, and the courts will not interfere with or attempt to control that discretion, unless some abuse thereof is clearly made to appear.  The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.      *Affirmed.*